**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHJIT SINGH, | No. 16-70005 |
| Petitioner, | Agency No. A200-238-001 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017[**]

Before:      McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Sukhjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on an inconsistency between Singh's testimony and supporting documents as to his brother's name, and the lack of detail and his inability to identify the name of the organization to which he belonged. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Singh's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of CAT relief because Singh failed to show it is more likely than not that he would be tortured by the Indian government, or with its consent or acquiescence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**

2